MONROE, Judge.
This is the second pre-trial appeal in this case. LaCoste v. SCI Alabama Funeral Services, Inc., 689 So.2d 76 (Ala.Civ.App.1996).
Virginia LaCoste and her sons, James and Keith LaCoste, sued SCI Alabama Funeral Services, Inc., alleging breach of contract and fraud by suppression and misrepresentation in connection with charges SCI imposed for the burial of Virginia LaCoste’s husband, James P. La-Coste, Sr. The LaCostes alleged that SCI had improperly charged them for items that should have been covered by burial policies issued for James LaCoste, Sr., and that SCI had misrepresented to them that the charges were “minimum charges” that were not covered by the policies. See LaCoste, 689 So.2d 76.
The first appeal of this case was from the trial court’s partial summary judgment in favor of SCI. The trial court held that Virginia LaCoste failed to present facts sufficient to sustain a fraud claim and that James and Keith LaCoste lacked standing to sue. Virginia LaCoste’s breach of contract claim remained pending. On appeal, this court affirmed the summary judgment as to James and Keith LaCoste, but reversed the summary judgment as to Virginia LaCoste’s fraud claim and remanded the case. See LaCoste, 689 So.2d 76.
Upon remand, the only pending claims were Virginia LaCoste’s breach of contract and fraud claims. SCI moved to dismiss, claiming that the United States District Court for the Northern District of Alabama had jurisdiction over LaCoste’s claims. The trial court granted the motion and dismissed all of LaCoste’s claims, without prejudice. The trial court’s order states: “[tjhis case is dismissed without prejudice so ¡Virginia LaCoste] may continue to pursue claims [she has pending] in the Battle Litigation in the United States District Court.” LaCoste appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The only issue on appeal is whether the trial court erred in holding that the United States District Court had retained jurisdiction of the matter involved in this case.
SCI claims that the trial court’s dismissal was correct, based on § 6-5-440, Ala. Code 1975, which states:
“No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pen-dency of the former is a good defense to the latter if commenced at different times.”
The “Battle Litigation” referred to in the trial court’s order is a long-standing lawsuit filed in 1970 in the United States District Court for the Northern District of Alabama. The original action was brought by funeral home owners in Alabama who alleged antitrust violations against Liberty National Life Insurance. A second action, Holman v. Liberty National Life Ins. Co., filed in 1976 in the Northern District of Alabama, was brought by funeral home owners who alleged the same violations. A third action, Campbell v. Liberty National Life Ins. Co., brought on behalf of holders of burial insurance policies issued *888 by Liberty National, alleged antitrust violations, as well as misrepresentation and suppression. These three actions were consolidated into the Battle case. The Battle litigation developed into a class action involving a class of all owners of funeral home businesses in Alabama, a class of all insureds under the outstanding burial polices, and all other persons claiming any right, title, or interest in, or benefit under, any such policy. See Battle v. Liberty Nat’l Life Ins. Co., 974 F.2d 1279 (11th Cir.1992); Battle v. Liberty Nat’l Life Ins. Co., 877 F.2d 877 (11th Cir.1989); Battle v. Liberty Nat’l Life Ins. Co., 770 F.Supp. 1499 (N.D.Ala.1991); Battle v. Liberty Nat’l Life Ins. Co., 660 F.Supp. 1449 (N.D.Ala.1987).
In 1978, the federal court issued a final order regarding the policies; the order stated: “[t]his court retains jurisdiction of the subject matter and all parties hereto for the purpose of enabling any of the parties to this action to apply to the Court at any time for further orders and directions as may be necessary or appropriate for the construction or implementation of the terms of this Final Judgment.”
Recently, two additional cases were consolidated and removed to the federal court pursuant to the court’s retained jurisdiction in Battle. Each of the cases was against SCI and involved a person with an interest in a burial policy. The plaintiffs in those cases alleged breach of contract in regard to the burial policies. The federal court, pursuant to the retained jurisdiction in Battle, denied the plaintiffs’ motions to remand the cases.
Those cases are practically identical to Virginia LaCoste’s case; however, she argues that, unlike those cases, which involve only breach of contract claims, her case involves a fraud claim. Further, she contends that the Battle case does not involve any fraud claims against SCI and, thus, she argues, because her action does involve a fraud claim, § 6-6-440, Ala.Code 1975, is not applicable.
LaCoste concedes that she is a member of the Battle plaintiff class. SCI is a defendant in the Battle case. Also, this case revolves around the same burial policies that are the subject of the Battle litigation.
“The obvious intent of [§ 6-5-440, Ala.Code 1975], is to forbid a party from prosecuting his claims in two courts simultaneously.” Ex Parte Canal Ins. Co., 534 So.2d 582, 584 (Ala.1988). Furthermore, it is not controverted that the phrase “courts of this state,” as used in § 6-5^440, includes a United States district court within this state. Terrell v. City of Bessemer, 406 So.2d 337, 339 (Ala.1981). LaCoste is a class member in the ongoing Battle case and SCI is a defendant in that case. La-Coste’s claims center on the very type of burial policies that are the subject of the Battle case. Furthermore, it appears that the resolution of the ongoing Battle case will be dispositive of the issues presented by LaCoste. Thus, we conclude that this case, with the possible exception of La-Coste’s fraud claim, is subject to the Battle court’s retention of jurisdiction and, thus, that the trial court correctly dismissed La-Coste’s claims without prejudice.
We note, however, that if the federal court refuses to exercise pendent jurisdiction and allow LaCoste to litigate the fraud claim, then LaCoste’s claim would be allowed under an exception to § 6-5-440, Ala.Code 1975. See Terrell, 406 So.2d at 340. In Terrell, our Supreme Court recognized a limited exception to the general rule against splitting causes of action. When in a federal court a plaintiff submits a state law claim along with his federal claim and the federal court declines to exercise pendent jurisdiction, the plaintiff should then be afforded an opportunity to pursue his state claim in state court. Id. Furthermore, even when submitting a state law claim may seem pointless, given a small likelihood that the federal court will entertain the claim, one must first present the claim to the federal court in order for the exception of § 6-5-440, Ala. *889 Code 1975, to be applicable. Weaver v. Hood, 577 So.2d 440 (Ala.1991). Thus, if the federal court declines to entertain La-Coste’s fraud claim, she may then pursue that claim in the state court under the limited exception of § 6-5-440. Moreover, because the running of the statutory period of limitations will be tolled by the pen-dency of the federal case, LaCoste need not fear the bar of the statute of limitations in the event she has to refile her claim in the state court. See Roden v. Wright, 611 So.2d 333 (Ala.1992).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
CRAWLEY, J., recuses.