In 1978, the United States District Court for the Northern District of Alabama entered a final judgment pursuant to a settlement agreement in Battle v. *Page 890 Liberty National Life Ins. Co. (CV-70-H-752-S), a consolidation of three class actions (Battle v. Liberty National Life Ins. Co.;Cambell v. Liberty National Life Ins. Co.; and Holman v. LibertyNational Life Ins. Co.) alleging federal anti-trust violations and fraud with respect to the issuance, sale, and performance if certain burial and/or vault insurance policies by Liberty National Life Insurance Company ("Liberty National") and Brown-Service Funeral Home Company, Inc. (Brown-Service"). The settlement was the result of seven years of litigation in both federal and state courts.
The district court in Battle made permanent two plaintiff classes: 1) all owners of Alabama funeral homes from June 29, 1954 until September 22, 1997, certified as a class under Rule23(b)(3), Fed.R.Civ.P.; and 2) all insureds with burial or vault policies, certified as a class under Rule 23(b)(2). The only defendants in Battle were Liberty National and Brown-Service. The final judgment established the rights and obligations of approximately 300 owners of some 400 funeral homes in Alabama and the rights under the burial/vault policies of approximately one million policyholders. The district court expressly retained jurisdiction over the case, stating in the judgment:
 "This Court retains jurisdiction of the subject matter and all parties hereto for the purpose of enabling any of the parties to this action to apply to the Court at any time for further orders and directions as may be necessary or appropriate for the construction or implementation of the terms of this Final Judgment."
Under this retained jurisdiction, the district court has been asked from time to time to settle disputes concerning the application of its judgment to particular burial policies. For a good explanation of the ongoing Battle litigation, see Battlev. Liberty National Life Ins. Co., 660 F. Supp. 1449 (N.D. Ala. 1987); Battle v. Liberty National Life Ins. Co., 877 F.2d 877
(11th Cir. 1989); Battle v. Liberty National Life Ins. Co.,770 F. Supp. 1499 (N.D. Ala. 1991); and Battle v. Liberty NationalLife Ins. Co., 974 F.2d 1279 (11th Cir. 1992).
By an order dated March 3, 1987, the district court, inObering v. Ridout's-Brown Service, Inc., CV-86-H-2372-S, explained that it had not intended in Battle to retain jurisdiction over all individual breach-of-contract and fraud actions filed against funeral-service providers and relating to Liberty National policies:
 "This cause came before the court at a regularly scheduled motion docket on February 13, 1987. Before the court [was] . . . the February 10, 1987, motion of the plaintiffs for remand. This cause was originally filed in the Tenth Judicial Circuit Court, Jefferson County, Alabama, on November 24, 1986. It was removed by the defendant to this court on December 31, 1986. . . . The defendants removed the cause from state court on the basis of the retained jurisdiction this court set out in Battle v. Liberty National Life Insurance Co., CV-70-H-752-S, January 6, 1978. That jurisdiction was retained so that this court could issue further orders and directions as may be necessary or appropriate for the construction [or] implementation of the terms of that final judgment. Plaintiffs here were members of the policyholder class under Battle and brought suit against defendants over events and incidents involving their burial insurance policy. However, after careful consideration by the court and oral and written argument by the parties, the court is convinced that the allegations set out in the plaintiffs' complaint do not jeopardize or interfere with this court's order in Battle. The plaintiffs' complaint does not affect the obligations of the insurance carrier under the policy construction reached in Battle, or the obligations of the carrier or Ridout's-Brown [Service] as the funeral service provider under that policy construction. The plaintiffs' complaint sets out *Page 891 
only allegations of fraud, misrepresentation, and breach of contract against the service provider; in fact, the carrier is not a defendant to this suit; and thus they do not seek to alter the rights of the policyholder or the obligations of the policy carrier or the service provider under the Battle decree. There is thus no reason for this court to assume jurisdiction over this cause in order to protect or further clarify its previous order in Battle. Should those rights and obligations under Battle be later threatened, the situation would be different."
In 1990 the district court issued a similar order in Johnson v.Memory Chapel Funeral Homes, Inc., CV-89-H-2117-W:
 "This cause came on for consideration at a motion docket held on February 2, 1990, in Birmingham, Alabama, at which time the court considered the January 4, 1990, motion of plaintiffs to remand. The action was commenced in the Circuit Court of Tuscaloosa County and is an action over which this court has no jurisdiction except to the extent that one can successfully demonstrate the appropriateness of jurisdiction under either 28 U.S.C. § 1651(a) or 28 U.S.C. § 2283. The complaint in essence charges that defendant funeral home committed fraud and misrepresentation with regard to the handling of a particular funeral of a decedent who owned a burial policy issued by Liberty National Life Insurance Company.
 "Defendant and attorneys for interested persons, pointing to the fact that this is not the first action of this nature, argue that this court must accept jurisdiction in order to effectuate its earlier judgment and implement the retained jurisdiction in Battle v. Liberty National Life Insurance Co., CV-70-H-752-S. The court does not agree. They also request more time to present to the court the impact of this type action on the willingness of funeral directors to continue servicing the burial policies. The request will not be granted since impact on the authorized funeral directors is of little significance where, as here, the state court suit does not affect the obligations of the insurance carrier under the policy construction determined in Battle or the obligations of the funeral service provider under that policy construction. One or two or six or twelve, or perhaps even more individual lawsuits in a short period of time against one or more funeral homes for common law fraud do not so interfere with the court's earlier order or its continuing supervision of the case to justify the extraordinary jurisdiction authorized under 28 U.S.C. § 1651(a) or 2283. The interference, if any, of such few fraud claims with that judgment does not even arguably approach the interference which was embraced in subsequent proceedings in Battle to which defendant draws an analogy. See Battle v. Liberty National Life Insurance Co., 660 F.2d 1449 (N.D. Ala. 1987), aff'd, 877 F.2d 877
(11th Cir. 1989). Should one or more authorized funeral directors through timidity or sound business judgment elect not to renew their arrangement with Liberty National for providing policy funerals, Liberty National will have to make other arrangements to discharge its obligations under the burial policy in the area affected. The consent decree has been in effect for over ten years, during which time authorized funeral directors apparently have been able fairly to reveal and satisfactorily to explain to their customers the services and merchandise available under the policy funeral and the effect the choices available to them will have with regard to the loss of a policy funeral. The few fraud actions (less than six) filed during that time frame attests the fact that an authorized funeral director should be able to conduct his business without undue exposure to fraud suits. Should the suits proliferate, the court at that time can reconsider the issues now before it."
On February 25, 1994, Virginia N. LaCoste, the petitioner in this proceeding, *Page 892 
filed an action in the Mobile Circuit Court against SCI Alabama Funeral Services, Inc., d/b/a Roche-Belmany-Herrington Funeral Homes ("SCI"), seeking damages based on allegations of fraud and breach of contract. LaCoste's claims arose out of her husband's funeral and centered on the same kind of burial policy that was at issue in Battle.
Twenty months later, on October 25, 1995, Carol Williams and Annie Merle Williams, individually and on behalf of others similarly situated, filed an action in the Mobile Circuit Court against SCI and others, seeking damages based on allegations of breach of contract and fraud. These allegations were essentially the same as those that had been previously made by LaCoste. A little over two months later, on January 8, 1996, Mary Sue Thrash and James E. Thrash filed a substantially similar action in the Mobile Circuit Court against SCI and others. The record indicates that the Williams and Thrash actions were later certified as breach-of-contract class actions only, with no claims for punitive damages or mental distress. The defendants in Williams andThrash were successful in removing both cases to the United States District Court for the Southern District of Alabama. On July 23, 1997, that court denied the plaintiffs' motions to remand the cases to the state court and, instead, granted the defendants' motions to transfer the cases to the northern district for consolidation with Battle. That court's July 23, 1997, order read:
 "This matter is before the Court on defendants' motions to transfer . . . and plaintiffs' motions to remand. . . . Because the issues and pleadings were identical in both of the . . . actions, the court consolidated the cases for consideration of the motions to remand. . . . The issues presented have been fully briefed by the parties, and a hearing was held on this matter on June 25, 1997. Defendants removed these actions from the Circuit Court of Mobile County, Alabama and plaintiffs seek their reman contending that the Court had no jurisdiction to hear these actions.
 Defendants argue that federal jurisdiction is present in this action because the parties and issues in these cases implicate the retained jurisdiction of Battle v. Liberty National Life Ins. Co., Civ. No. 70-H-752-S (N.D. Ala. 1978). . . . The settlement classes of the Battle judgment consisted of owners of funeral home businesses in the state of Alabama and the insureds under outstanding burial or vault insurance policies issued, assumed or reinsured by Liberty National Life Insurance Company and all persons claiming any right, title or interest in or benefit under such policy. The instant actions are based upon state breach of contract claims arising from Liberty National Burial policies, and the defendants in the instant actions are funeral home owners in Alabama. The Circuit Court of Mobile County, Alabama, certified the following classes in these cases:
 "`The "pre-need" subclass is composed of Liberty National Burial Policy holders who entered into a contract with an SCI owned funeral home for funeral services and merchandise to be provided in Alabama by the funeral home. . . .
 "`The "at-need" subclass is composed of Liberty National policy holders or persons on their behalf who entered into an at-need contract for a straight policy funeral . . . at an SCI owned funeral home in the state of Alabama. . . .'
 "The Court finds that the present actions fall within the jurisdiction of the Battle decree.
 "A district court has the power to retain jurisdiction over a settlement agreement to protect and enforce its judgment. Matter of VMS Sec. Litig., 103 F.3d 1317, 1321 (7th Cir. 1996); see also Beckett v. Air Line Pilots Ass'n, 995 F.2d 280 (D.C. Cir. 1993); Picon v. Morris, 933 F.2d 660 (8th Cir. 1991). *Page 893 
Specifically, the district court has such power when it specifically retains such jurisdiction in its final judgment order. VMS, 103 F.3d at 1321. The Battle decree falls squarely within this rule as that final judgment specifically retained the court's jurisdiction so that the settlement agreement could be further implemented. Accordingly, the Court finds that federal jurisdiction exists over these actions which should be transferred to the Northern District of Alabama. . . ."
On October 1, 1997, five days before the scheduled trial, the Mobile Circuit Court, on motion of SCI, dismissed LaCoste's action, with the following docket entry:
 "This case dismissed, without prejudice, so [plaintiff] may continue to pursue claims [she has] filed in the Battle Litigation in the United States District Court. Costs taxed to [plaintiff]."
On November 26, 1997, the district court overseeing the Battle
litigation accepted jurisdiction over Williams and Thrash, denied the plaintiffs' motions to remand, and consolidatedWilliams and Thrash with Battle. That court also directed the parties in Battle to address certain issues relevant to an interpretation of its 1978 judgment. The court stated that "clarification of [its] final judgment may be `out-come determinitive' of the consolidated cases."
LaCoste appealed the trial court's October 1, 1997, order to this court and we transferred the case to the Court of Civil Appeals under this Court and we transferred the case to the Court of Civil Appeals under Ala. Code 1975, § 12-2-7(6). The Court of Civil Appeals held the dismissal to be proper under the abatement statute, Ala. Code 1975, § 6-5-440.LaCoste v. SCI Alabama Funeral Services, Inc.,733 So.2d 886 (Ala.Civ.App. 1998). Specifically, the Court of Civil Appeals found 1) that LaCoste was a member of the class of plaintiff policyholders in Battle; 2) that SCI was a named defendant in Williams and Thrash, which had been consolidated with Battle; and 3) that LaCoste's claims centered on the same kind of burial policy that was at issue in Battle, in which the court had retained jurisdiction to implement its judgment. Based on these findings, the Court of Civil Appeals concluded that, "with the possible exception of LaCoste's fraud claim," 733 So.2d at 888, LaCoste's action had been abated by Battle and that it was, therefore, due to be dismissed. The Court of Civil Appeals went on to state that "if the federal court refuses to exercise pendent jurisdiction and allow LaCoste to litigate the fraud claim, then LaCoste's claim would be allowed under an exception to § 6-5-440." 733 So.2d at 888. LaCoste petitioned for certiorari review under Rule 39, Ala.R.App.P. We reverse and remand.
The sole issue presented by this petition is whether LaCoste's action was due to be dismissed under § 6-5-440, which provides:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
It is not controverted that the phrase "courts of this state," as used in § 6-5-440, includes a United States district court within this state. Terrell v. City of Bessemer, 406 So.2d 337 (Ala. 1981). LaCoste contends, however, that both the trial court and the Court of Civil Appeals misapplied the law to the facts. Specifically, LaCoste argues that when she filed her action in 1994 she was not prosecuting another action against SCI in an Alabama court, state or federal. She points out that SCI was not a defendant in Battle when she filed her action. SCI contends, on the other hand, that "the fact that SCI . . . was not originally designated a `defendant' in Battle has no significance given the consolidation of several actions in Battle and the relief granted to the plaintiff policyholders *Page 894 
against the funeral director class, which includes SCI." After carefully examining the record and the briefs, we agree with LaCoste that her action was erroneously dismissed under § 6-5-440.
The record indicates, as the Court of Civil Appeals noted, that LaCoste's claims centered on the same kind of burial policy that was at issue in Battle and that the district court's resolution of certain issues in the ongoing Battle litigation may be dispositive of the issue presented by LaCoste. However, those considerations do not dictate that LaCoste's action be dismissed under § 6-5-440. Section 6-5-440 prohibits the prosecution of two actions at the same time for the same cause and against the same party. As previously noted, SCI was not a defendant in Battle in 1994 when LaCoste filed her action in the Mobile Circuit Court. It appears that SCI, like LaCoste, was a member of a plaintiff class in Battle, seeking a remedy against Liberty National and Brown-Service. Although the district court in Battle had expressly retained jurisdiction over the case for the purpose of effectuating its judgment, the court had on at least two occasions before LaCoste filed her action held that it had not retained jurisdiction over all individual breach-of-contract and fraud actions against funeral-service providers. The court indicated that it would reconsider its position on the jurisdiction issue if and when actions against funeral-service providers grew so numerous as to threaten its control and administration of the litigation. In any event, when LaCoste filed her action in 1994, she had no claim pending against SCI in Battle, and the district court had clearly signaled that it did not intend to exercise jurisdiction over individual state damages actions against funeral-service providers. It was not until 1997, when the district court sitting in Mobile transferred the Williams and Thrash class actions to the northern district for consolidation with Battle and the district court overseeing Battle accepted jurisdiction over those actions, that LaCoste apparently became a member of a plaintiff class asserting breach-of-contract claims against SCI in the Battle litigation.Williams and Thrash were filed and certified as class actions after LaCoste had filed her action. Therefore, under the plain wording of § 6-5-440, LaCoste's individual action would have provided SCI with a good defense to her continued participation in the plaintiff classes in Williams and Thrash; however, because the filing of her individual action preceded the filing ofWilliams and Thrash, her action did not abate under § 6-5-440. Of course, LaCoste may not simultaneously pursue her individual action and participate in the plaintiff classes in Williams andThrash. See Ex parte State Mutual Ins. Co., 715 So.2d 207 (Ala. 1997), wherein a majority of this Court has recently held that an individual action is not abated by a subsequently filed class action.
We do not address the questions whether LaCoste's action is subject to removal to the federal court, or whether under federal law the district court in Battle may enjoin LaCoste's individual state action. See the decisions of the district court and the United States Court of Appeals for the Eleventh Circuit in Battlev. Liberty National Life Ins. Co., 660 F. Supp. 1449 (N.D. Ala. 1987), and Battle v. Liberty National Life Ins. Co., 877 F.2d 877
(11th Cir. 1989). Those questions would ultimately have to be resolved in the federal court. We hold only that LaCoste's action was not subject to dismissal under § 6-5-440.
We also note SCI's contention that the dismissal of LaCoste's action was proper under the doctrine of res judicata or the doctrine of collateral estoppel. The Court of Civil Appeals did not address this contention, and we decline to address it for the first time on certiorari review.
For the foregoing reasons, the judgment of the Court of Civil Appeals is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED. *Page 895 
HOOPER, C. J., and MADDOX, ALMON, and SEE, JJ., concur.
LYONS, J., concurs in the judgment and concurs in part in the rationale, but dissents from dictum.
COOK, J., concurs in the judgment but dissents from the rationale.
SHORES, J., recuses herself.