I respectfully dissent. This case involves an action containing class allegations that was commenced in a state courtafter an action containing similar class allegations, namely,Shelley v. AmSouth Bank (Case No. CV-97-1170), had been commenced, but not yet certified, in the United States District Court for the Southern District of Alabama.
The majority, relying on the abatement statute, Ala. Code 1975, § 6-5-440, orders the state action stayed until the federal court determines whether to certify the Shelley case as a class action. More specifically, it states:
 "As of the date of the release of this opinion, there has been no certification of a class in the Shelley action [the prior-filed federal action]. Therefore, the only injury AmSouth has incurred in regard to the State action (a showing of injury is required for the issuance of a writ of mandamus . . .), is a requirement that AmSouth produce documents, prepare for depositions, and prepare for a class-certification hearing, while already doing these same things in regard to the action in the federal district court. This injury should be addressed not by abating Kalifeh's State action, but by putting it on administrative hold until the United States District Court certifies, or refuses to certify, the class in the Shelley
action, as to the breach-of-contract and fraud claims. If a class is certified in the
Shelley action and that *Page 1155 class includes Kalifeh and his claims, then Kalifeh's State action must be abated. If, however, after that ruling Kalifeh is not a member of a certified class, then his case can be taken off administrative hold and can proceed as a class action or as an individual action, as the circuit court may determine."
735 So.2d at 1154 (emphasis added).
Since this Court decided Ex parte State Mutual Insurance Co.,715 So.2d 207 (Ala. 1997); and Ex parte First National Bank ofJasper, 717 So.2d 342 (Ala. 1997) ("FNB of Jasper III"), I haveconsistently adhered to the rule expressed in the principal opinions in those cases: that § 6-5-440 has no application inclass actions. See Ex parte LaCoste, [Ms. 1970957, November 13, 1998] 733 So.2d 889 (Ala. 1998) (Cook, J., concurring in the judgment, but dissenting from the rationale).
State Mutual and FNB of Jasper III purported to bring order to the "chaos" produced by Ex parte First National Bank of Jasper,675 So.2d 348 (Ala. 1995) ("FNB of Jasper I"); and First NationalBank of Jasper v. Crawford, 689 So.2d 43 (Ala. 1997) ("FNB ofJasper II"), in which we did apply § 6-5-440 to class actions. Under FNB of Jasper III, certification is irrelevant. The majority shifts the focus back to the date of certification by applying § 6-5-440 in this case. This result will, by usingcertification as the abatement-triggering event, return usdirectly to the rule set forth in FNB of Jasper II that hadproduced the chaos, namely, the "races to the courthouse" and the"claim jumping" that the principal opinions in State Mutual and
FNB of Jasper III would rectify. In other words, by ignoring the principal opinions in State Mutual and FNB of Jasper III, this Court has now come full circle — back to FNB of Jasper II.
This case is materially indistinguishable from FirstTennessee Bank, N.A. v. Snell, 718 So.2d 20 (Ala. 1998), which also involved a first-filed federal action containing class allegations. In that case, the Court refused to abate the later-filed state action. In my special writing, I explained that the "first-to-file" rule set forth in FNB of Jasper III did not apply when the first-filed action was one commenced in a federalcourt. More specifically, I said: "[T]he courts of the United States are courts of another sovereign, over which the courts of Alabama have no supervisory control or jurisdiction." 718 So.2d at 26. I then explained: "United States district courts, pursuant to the All Writs Act, 28 U.S.C. § 1651, readily exercise the power to enjoin competing class actions, whether those competing actions are pending in state courts or in other federal courts. . . . They exercise this power regardless of the priority of filing." 718 So.2d at 26 (Cook, J., concurring in the result) (emphasis in original). Finally, in LaCoste, which also involved a federal class action and a competing state action, I said: "[I]t isunnecessary for this Court to abate actions in favor of federalcourts entertaining class actions. In this case, the fight should be waged in the Battle court. . . . See Battle v. Liberty NationalLife Insurance Co., 877 F.2d 877 (11th Cir. 1989)." LaCoste, 733 So.2d at 896 (Cook, J., concurring in the judgment but dissenting from the rationale) (emphasis added). These same principles apply in this case. "The courts of Alabama should not presume to act on behalf of federal courts entertaining class actions. . . ."LaCoste, 733 So.2d at 896 (emphasis omitted).[3]
In short, the problem presented by this petition should be resolved in a manner consistent with State Mutual, FNB of JasperIII, and my special writings in Snell and LaCoste. Therefore, I dissent.
Johnstone, J., concurs.
[3] The majority confuses matters further by citing FNB ofJasper III in connection with § 6-5-440, as though FNB of JasperIII somehow applied § 6-5-440. Of course, it did not apply §6-5-440. *Page 1156