This appeal is from an order enforcing a judgment in a class action brought by purchasers of certain satellite television systems against the seller of the systems and First Tennessee Bank, N.A., which financed the transaction. The only question before this Court is whether certain language found in *Page 21 Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala. 1997)("FNB of Jasper III"), voids a final judgment entered in a class action prior to December 16, 1997, the day FNB of Jasper III was announced. We hold that it does not, and we affirm.
The plaintiffs Steve Snell, Tina Snell, and Dallas Snell filed the complaint in this case on November 15, 1996, in the Circuit Court of Houston County. The complaint alleged that Home Cable Concepts of Tennessee; its salesman, Ray Crain; and First Tennessee, which financed the transaction, were liable to the buyers of these satellite television systems as a result of their alleged joint fraudulent misconduct in connection with the sale and financing of the systems. The Snells asserted only claims based on state law. They sought damages on behalf of themselves and all other Alabama buyers of such systems within a designated period. On February 6, 1997, the trial court conditionally certified a defined group of Alabama purchasers as members of the class whose interests would be determined in this action.
After both sides had conducted extensive discovery, they began settlement negotiations. In August 1997, the plaintiffs and First Tennessee submitted a settlement to the trial court for its approval. Judge Denny Holloway granted preliminary approval of the proposed settlement and ordered the parties to mail notices of the proposed settlement to all absent class members.
After notice was given to the class, the trial court held a fairness hearing concerning class certification and final settlement. After the hearing, the trial court issued an opinion approving the class certification and the settlement, and it entered a final judgment on October 21, 1997. No appeal was taken from this final judgment.
Under the settlement, First Tennessee agreed to pay the first portion of the damages called for by the settlement, by December 18, 1997. Two days before that initial payment was due, this Court released its opinion in FNB of Jasper III. In the FNB ofJasper III, this Court acknowledged that the rule established inEx parte First National Bank of Jasper, 675 So.2d 348 (Ala. 1995), and First National Bank of Jasper v. Crawford,689 So.2d 43 (Ala. 1997) (hereinafter FNB of Jasper I and FNB of JasperIII, had resulted in a race to certification in putative class action lawsuits. Lawyers representing plaintiffs in such cases often prematurely sought, and trial courts frequently granted, conditional class certification, in order to protect the interests of the parties and to retain the trial court's jurisdiction. Such action was entirely appropriate because, under the rule announced in FNB of Jasper I and II, the parties and the court were justified in protecting themselves against the possibility that another court might conditionally certify a substantially similar class action; if that other court beat them to certification, then the class action would proceed in that other court, notwithstanding that the complaint in that other court might have been filed later than the one in the forum court.
In FNB of Jasper III, this Court sought to establish a workable procedure that would be fair to all litigants and that would promote the efficient delivery of justice by the trial courts in the ever-growing area of class action litigation. FNB of JasperIII acknowledged that the first-to-certification rule of FNB ofJasper I and II had failed to achieve the fairness and efficiency that are the goal in all class action litigation. Consequently, FNB of Jasper III overruled FNB of Jasper I and II to the extent that those earlier cases had held that the first plaintiff to obtain conditional certification was the winner of the race to the courthouse, regardless of when that plaintiff's complaint was filed. In FNB of Jasper III, we reaffirmed the general rule that has been followed for many years and that was expressly applied in the class action context in Ex parte Liberty Nat'l Life Ins.Co., 631 So.2d 865, 867 (Ala. 1993):
 "`[W]here two courts have equal and concurrent jurisdiction, the court that first commences the exercise of its jurisdiction in a matter has the preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction.'
 "Ex parte State ex rel. Ussery, 285 Ala. 279, 281, 231 So.2d 314, 315 (1970). . . .
 "The Barbour Circuit court initially exercised jurisdiction over this matter, and it *Page 22 
must be permitted to retain jurisdiction without any interference by any other circuit court. It appears from the express language of their complaint and their arguments in the Mobile Circuit Court that the Mobile plaintiffs were attempting to have a second circuit court review the case and reverse the orders of the first circuit court to exercise jurisdiction. . . . In view of the class action pending in Barbour County, the Mobile Circuit Court should have dismissed or stated the action filed by the Mobile plaintiffs. The law does not permit a second circuit court to adjudicate the same controversy that is being litigated in a pending action in another circuit court of competent jurisdiction. The writ of mandamus in case number 1921440 is, therefore, due to be granted."
(Quoted in FNB Jasper III, 717 So.2d at 350; emphasis added inFNB of Jasper III.) This statement quoted from Liberty National
is the holding of FNB of Jasper III.
After quoting that statement from Ex parte Liberty National, we stated, in dicta:
 "The logical import of this rule and the practical effect of its application are that a court lacks subject-matter jurisdiction over an action containing class allegations, as long as there is pending in another court a prior-filed action involving substantially identical class allegations."
FNB of Jasper III, 717 So.2d at 350.
It is true that a prior-filed class action prevails over a later-filed class action involving substantially identical class allegations and requires the abatement of the later-filed action. In that sense, the court in which the second class action is filed lacks subject matter jurisdiction of that particular class action, assuming that the existence of the prior pending action is called to the attention of the court.
The court in FNB of Jasper III sought to demonstrate by hypothetical example the operation and effect of this rule. The hypothetical assumed that the first class action was filed in Jefferson County. Before the Jefferson County court addressed the question of certification of the class, a second action was filed in Montgomery County, with substantially similar allegations. We said:
 "Indeed, if the parties in the Montgomery County action were to proceed to a judgment in that court before the Jefferson County Circuit Court addressed certification, the judgment would be void. It would be void on the ground that the Montgomery County Circuit Court lacked subject matter jurisdiction as long as a prior-filed action was pending in a sister circuit."
717 So.2d at 351. This is the language, again dicta in FNB ofJasper III, that is now in question.
First Tennessee did not pay by December 18, 1997, the first portion of the monetary class relief mandated in the settlement. After First Tennessee failed to make that deadline, the Snell plaintiffs filed a motion to enforce the judgment based on the settlement. First Tennessee opposed the motion because of the language in FNB of Jasper III. First Tennessee stated that May 9, 1996, an action had been filed in the United States District Court for the Middle District of Alabama by Brenda A. Myers and Clausezill Myers on behalf of themselves and all other similarly situated persons, against Home Cable Concepts of Tennessee and First Tennessee. The Myerses alleged in that action that First Tennessee and Home Cable Concepts had engaged in unfair and deceptive practices in connection with the sale of television satellite dishes. They also asserted federal claims under the Federal Truth-in-Lending Act (TILA) and RICO. Both First Tennessee and Home Cable Concepts filed motions to dismiss, upon which no ruling has been made.
In opposition to the motion to enforce the judgment, First Tennessee acknowledged that no class certification had been made in that federal action, but it said it feared that, because of the language of FNB of Jasper III, the state judgment might be void and subject to collateral attack on the grounds of lack of subject matter jurisdiction.
On December 23, 1997, Judge Holloway considered, and then granted, the plaintiff class's motion to enforce the judgment. On that date he issued this "Final Order Enforcing Final Judgment": *Page 23 
"Final Order Enforcing Final Judgment
 "The class representatives have filed a motion to enforce the judgment in this matter. This Court entered [that] judgment on October 21, 1997. The appeal period for such judgment expired on December 2, 1997. At . . . oral argument, defendant First Tennessee Bank National Association (First Tennessee) stated that it . . . could not complete its obligations under this judgment because the Alabama Supreme Court had issued on December 16, 1997, an opinion in Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala. 1997), which held that a [court with a] second-filed class action would lack `subject-matter
jurisdiction emphasis in the original) and that a `judgment would be void' (emphasis in the original) if entered by the court in the second action.
 "First Tennessee presented evidence that an action had been filed in the United States District Court for the Middle District of Alabama against First Tennessee (styled, Myers et al. v. First Tennessee Bank, N.A.) on May 9, 1996, and that such action sought a class certification and contained allegations about First Tennessee's financing of satellite system sales in the State of Alabama. First Tennessee further presented evidence that no ruling had been made on certification of such action. First Tennessee argued that because the Snell litigation was filed second (November 15, 1996), this Court lack subject-matter jurisdiction, and thus judgment in this action was void.
 "First Tennessee expressly represented that if the Court determined that the judgment was not `void', it would comply with all terms of the judgment. First Tennessee also requested that if this court enforced the judgment, that it stay that enforcement through the pendency of an appeal to the Alabama Supreme Court (including the time for rehearing).
 "The Court, having considered the evidence, argument and law, hereby grants Plaintiffs' motion and ORDERS that First Tennessee Bank National Association complete its obligations under the judgment. The Court holds that Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala. 1997), does not apply.
 "The Court hereby STAYS [this] order pending any appeal by First Tennessee such stay shall expire by its own terms if such appeal is not taken within twenty (20) days of this Order. If such appeal is taken within twenty (20) days, the stay shall remain in effect until the Alabama Supreme Court issues a ruling either upholding the validity of this judgment or holding the judgment void and such stay should remain in effect during any period of rehearing in such matter. As a condition of such stay the Court ORDERS First Tennessee (1) to enter into a mutually agreeable escrow agreement with class counsel for all fees and expenses due to class counsel and the named plaintiffs, (2) to immediately implement the $10.00 late fee ceiling, and (3) to enter into an agreement with class counsel with regard to interest due to the class members on said judgment after February 11, 1998.
". . . .
"/s/ Denny Holloway
"Circuit Judge
"Houston County, Alabama"
Does FNB of Jasper III require a holding that the October 21, 1997, judgment entered in this case is void? Again, the answer is no.
First, the holding in FNB of Jasper III was this: The first class action prevails over a second substantially similar case filed in another court. This means that the court with the second class action should refuse to exercise jurisdiction in that second case, once it is brought to the court's attention that a prior action is pending elsewhere. That did not happen in this case. Second, the language quoted above from FNB of Jasper III
means only that the court in which the second class action is filed should refuse to exercise jurisdiction over the case once it is apprised of the fact that another court has assumed jurisdiction of substantially the same case (involving the same parties, the same issues, etc).
The Court was trying in FNB of Jasper III to formulate a procedure for class action *Page 24 
litigation that would fairly and efficiently promote justice. That goal would not be advanced by holding that the October 21, 1997, judgment in this case was void ab initio simply because a substantially similar action had been filed in another circuit by other plaintiffs before the complaint was filed in this case. That prior-filed case has not proceeded beyond the filing of a complaint and motions to dismiss. While that prior-filed case remained pending in the federal district court, with little action, this present case proceeded to a final judgment in the Houston County Circuit Court. In FNB of Jasper III, we attempted to establish a class action procedure that would be fair to the lawyers, the litigants, and the trial courts; it appears that the application of the literal language of FNB of Jasper III
(although not its holding) to the facts of this case would have just the opposite result. Its application would be grossly unfair to everyone the procedure was intended to serve.
First Tennessee, as well as the plaintiffs, is justifiably concerned as to what effect the language of FNB of Jasper III has on the October 21, 1997, judgment in this case. We hold that, as this case is postured, FNB of Jasper III does not. compel the conclusion that October 21, 1997, judgment is void.
Perhaps the decision in FNB of Jasper III should be applied prospectively, or quasi-prospectively, only. There would be ample authority for such a holding.
The United States Supreme Court has suggested certain factors a court should consider in deciding whether a judicial decision is to be applied nonretroactive. See Chevron Oil Co. v. Huson,404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (U.S. 1971). We quoted theChevron Oil factors in McCullar v. Universal Underwriters LifeIns. Co., 687 So.2d 156 (Ala. 1996):
 "`First, the decision to he applied nonretroactive must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see, e.g., Hanover Shoe, Inc. v. United Shoe Machinery Corp., 1392 U.S. 481, 88 S.Ct. 2224, 2233, 30[20] L.Ed.2d 1231 (1968), . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see, e.g., Allen v. State Board of Elections, [393 U.S. 544, 572, 89 S.Ct. 817, 835, 22 L.Ed.2d 1 (1969)]. Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Linkletter v. Walker, [381 U.S. 618, 629, 85 S.Ct. 1731, 1737-38, 14 L.Ed.2d 601
(1965)]. Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the `injustice or hardship' by holding of nonretroactivity."'"
687 So.2d at 165 (quoting Chevron Oil, 404 U.S. at 106-07,92 S.Ct. at 355, 30 L.Ed.2d at 296 (1971)).
We also noted in McCellar that under Alabama law, the first of these Chevron Oil factors will, in many cases, prove dispositive of the retroactivity issue. That first factor suggests that the retroactivity issue turns on the extent to which the new decision affects pending or preexisting rights. 687 So.2d at 165. In the present case, the class certification was made on October 21, 1997, after a rigorous analysis by the trial court. That was the first certification of a class of Alabama purchasers of satellite television systems financed by First Tennessee. The plaintiff class and First Tennessee had every reason to believe, in reliance on Alabama law, that they could settle the case, and they did so. To apply the FNB of Jasper III language in this case would unfairly penalize the plaintiffs and First Tennessee, who had reasonably relied upon the law as it existed when the judgment was entered in this case.
Alabama law supports maintaining the finality of a judgment. InEx parte Americold Compressors Co., 684 So.2d 140 (Ala. 1996), this Court refused to reopen a final judgment in a workers' compensation case, despite a change in the law. The Court reasoned: "To reopen such matters not only would conflict with settled Alabama law, but also would defeat public policy considerations: `"[t]he quieting of litigation; the *Page 25 
public peace and repose; respect for judicial administration of the law, and confidence in its reasonable certainty, stability and consistency." Bibb v. Bibb, 79 Ala. 437, 444 (1885).'" 684 So.2d at 144 (quoting Stallworth v. Hicks, 434 So.2d 229, 230
(Ala. 1983)).
No doubt there are cases with class action allegations pending all over the state.[1] No doubt they are in various stages. In some, classes have been conditionally certified, while in others classes have not been conditionally certified. Some have proceeded to expensive discovery, and others, as this one, may have proceeded to final judgment, all without regard to whether it was the first action filed that contained the particular class allegations. The rule announced in Ex parte Liberty National, supra, and reaffirmed in FNB of Jasper III will, of course, apply to all cases filed after FNB of Jasper III was announced. Whether that rule should be rigidly applied to other cases in various stages of litigation must be determined on a case-by-case basis. There is a finite number of cases that will involve this same question, although we do not know what that number is. Eventually, however, all of those cases will be resolved. Until then, in each case the trial judge, as Judge Holloway did here, must determine what effect, if any, the new rule has on the final disposition of the case. Our purpose remains the same: to establish a procedure whereby the trial courts are allowed to manage class action litigation in a manner that is fail to all parties, as well as to the court in the management of its docket. Lawyers and litigants, on either side, have an obligation to inform the court, at the earliest time possible, that substantially similar litigation is pending elsewhere, if that fact is known to them. It is difficult to imagine that a defendant would not be aware of prior pending litigation when it is served with the second complaint. In a second action, the fact of the pendency of the first action should be called to the attention of the court by a motion to dismiss. In this case, it appears that only after it had entered its October 21, 1997, judgment was the trial court informed that a prior complaint, containing similar class allegations, had been filed against these defendants by different plaintiffs. By noting this fact, we do not intend to suggest that First Tennessee, or any other defendant, was under an obligation to inform the court of the prior-filed action. After all, the law at that time gave preference to the class action that was first certified, not to the action that was first filed.
Under the facts of this case, the trial court did not err by enforcing the judgment that had been entered by agreement of the parties in this class action litigation, notwithstanding the fact that a similar case had been filed in another court before the complaint was filed in this case. The order enforcing that judgment is affirmed.
AFFIRMED.
ALMON, HOUSTON, KENNEDY, and LYONS, JJ., concur.
HOOPER, C.J., and MADDOX, COOK, and SEE, JJ., concur in the result.
[1] We are urged by amici curiae not to establish a rule giving automatic precedence to an earlier filed class action in a federal court over a later-filed filed class action in an Alabama state court. We do not intend to do so by our holding today.