I concur to reverse the judgment of the Court of Civil Appeals. That court erred when it concluded that Ala. Code 1975, § 6-5-440, somehow required the abatement of the action commenced by Virginia LaCoste against SCI Alabama Funeral Services, Inc. ("SCI"), which, after the commencement of LaCoste's action, became a defendant in two class actions, namely, Williams v. ServiceCorp., CV-97-S-1910-S (Mobile Circuit Court), and Thrash v. SCIFuneral Service, Inc., CV-97-B-1911-S (Mobile Circuit Court), involving claims arguably encompassing those involved in LaCoste's action. I continue to adhere to the position expressed *Page 896 
in Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala. 1997), which incorporated and applied the rationale of the lead opinion in Ex parte State Mutual Insurance Co., 715 So.2d 207
(Ala. 1997), and explained that § 6-5-440 does not apply to class actions. Unfortunately, the majority's ground for reversal in this present case appears to be that § 6-5-440 does not requireabatement, as though § 6-5-440 did apply to class actions. Therefore, as to the rationale of today's majority opinion, I respectfully dissent.
The following statement of the majority regarding the purported effect of § 6-5-440 is particularly disturbing: "Therefore, under the plain wording of § 6-5-440, LaCoste's individual action would have provided SCI with a good defense to her continued participation in the plaintiff classes in Williams
and Thrash. . . ." 733 So.2d at 894. This statement is a nonsequitur and inexplicable. That is so because SCI does not want, or seek, to interpose a defense to LaCoste's participation in theclass actions. Quite the reverse, it seeks to interpose a defense to LaCoste's individual action. The trial court granted SCI's motion to dismiss LaCoste's individual action; hence this appeal. Indeed, in my experience on this Court I have yet to see a case in which a class-action defendant sought to exclude a putative plaintiff from the class so that the plaintiff could prosecute an individual action against that class-action defendant. The position of the majority simply flies in the face of reality.
My reasons for concurring in the judgment in this case are based on the principles I explained in my special writing inFirst Tennessee Bank, N.A. v. Snell, 718 So.2d 20 (Ala. 1998). The question in that case was whether a state court could enforce a judgment entered on a final settlement in a class action before it, where the state-court class action essentially duplicated an earlier-filed, federal-court class action, and where the federal court had taken no action to enjoin or stay the state-court action.
In a special writing agreeing with the majority of this Court that it could, I explained that "the courts of the United States are courts of another sovereign, over which the courts of Alabama have no supervisory control or jurisdiction." Id. at 26 (Cook, J., concurring in the result) (emphasis added). Also, I pointed out that "United States district courts, pursuant to the All Writs Act, 28 U.S.C. § 1651, readily exercise the power to enjoin competing class actions, whether . . . pending in state courts or in other federal courts," 718 So.2d at 26 (emphasis added), and that "[t]hey exercise this power regardless of the priority of filing."Id. at 26 (emphasis original). The same rationale applies to this case.
Thus, it is unnecessary for this Court to abate actions in favor of federal courts entertaining class actions. In this case, the fight should be waged in the Battle court. If that court deems an injunction necessary to protect its jurisdiction, it is fully empowered to enjoin LaCoste's action, regardless of state-courtjudgments. See Battle v. Liberty National Life Insurance Co.,877 F.2d 877 (11th Cir. 1989) (the district court did not err in enjoining, pursuant to 28 U.S.C. § 2283, three pending state-court class actions in order to protect its jurisdiction and judgment).[1]
The courts of Alabama should not presume to act on behalf of federal courts entertaining class actions when those courts, and the Battle court in particular, have indicated no interest in the matter.
If SCI wants relief, its recourse is to seek an order from theBattle court abating *Page 897 
LaCoste's state-court action. In the meantime, LaCoste's action should proceed. Thus, the trial court abused its discretion in dismissing this action. For these reasons, I concur in the judgment but dissent from the rationale.
[1] The "Anti-Injunction Act," 28 U.S.C. § 2283, provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or toprotect or effectuate its judgments." (Emphasis added.) In the emphasized portion are "exceptions" to the Anti-Injunction Act that authorize "a federal court to enjoin a state court action."Battle, 877 F.2d at 882.