735 So.2d 1151 (1999)
Ex parte AmSOUTH BANK.
(In re Paul Kalifeh et al. v. AmSouth Bank, N.A.).
1972308.
Supreme Court of Alabama.
May 14, 1999.
Broox G. Holmes, Edward A. Dean, and William Steele Holman of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, L.L.C., Mobile, for petitioner.
Robert T. Cunningham, Jr., Richard T. Dorman, David G. Wirtes, Jr., and George M. Dent III of Cunningham, Bounds, *1152 Yance, Crowder & Brown, Mobile, for respondents.
HOUSTON, Justice.
AmSouth Bank, the defendant in an action pending in the Mobile Circuit Court, petitions for a writ of mandamus directing the circuit court to grant AmSouth's motion to dismiss that action on the ground that that court lacks subject-matter jurisdiction. AmSouth argues that the circuit court lacks subject-matter jurisdiction of the pending action because that action is the second action seeking class certification filed involving the same parties and substantially similar claims. We do not direct the circuit court to dismiss the action, but we do issue a writ directing the circuit court to put the action on administrative hold.
AmSouth moved the circuit court to dismiss the action, asserting that a case styled Shelley v. AmSouth Bank (Case No. CV-97-1170) (the "Shelley action") had been filed in the United States District Court for the Southern District of Alabama, Southern Division; that it was pending when the circuit court action was filed; that the proposed class definition in the Shelley action is broader than the one proposed in the circuit court action; that the Shelley action seeks recovery against AmSouth for the same conduct challenged in the circuit court action; that under § 6-5-440, Ala.Code 1975, the pendency of the Shelley action is a good defense to the circuit court action; and, therefore, that the Mobile Circuit Court should refuse to exercise jurisdiction over the action pending there, based upon First Tennessee Bank, N.A. v. Snell, 718 So.2d 20 (Ala. 1998), and Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997) ("FNB of Jasper III").
In response, Paul Kalifeh, the plaintiff in the action pending in the Mobile Circuit Court, alleges (1) that his claims are state-based and, therefore, are different from the claims presented in the Shelley action; and (2) that FNB of Jasper III does not require abatement of a second action when the second action is filed in a State court and the earlier action had been filed in a federal court.
In the Shelley action and in the action pending in the Mobile Circuit Court, customers having deposits with AmSouth banks seek damages for breach of contract and fraud. Their contract and fraud allegations concern AmSouth's policy of honoring and dishonoring checks when several checks are presented to AmSouth on the same day for payment and the amount in the account on which the checks are drawn is insufficient to pay all of the checks. They allege a breach of contract because AmSouth pays in descending order from the check in the largest amount to the check in the smallest amount. The plaintiffs claim a fraud in AmSouth's failure to disclose this order of payment to the depositors.
The plaintiff in the Shelley action contends, as does Kalifeh in the state action, that AmSouth's method of processing checks deliberately causes more overdraft/ nonsufficient-fund fees for AmSouth and is inherently unfair. In the Shelley action, the plaintiff asserts certain federal claims that are not asserted in Kalifeh's action. However, Kalifeh asserts no State claims in his action that are not asserted in the Shelley action. Clearly, the breach-of-contract and fraud claims presented in the Shelley action and those presented in Kalifeh's action arise out of the same facts and are subject to proof by the same evidence; therefore, the causes of action are the same. Equity Resources Management, Inc. v. Vinson, 723 So.2d 634, 637 (Ala. 1998); Terrell v. City of Bessemer, 406 So.2d 337, 339 (Ala.1981).
The circuit court denied the motion to dismiss, stating that it found "the reasoning of Justice Cook in his separate opinion in First Tennessee Bank, [supra], persuasive," and stating: "The earlier filing of a state case will not automatically abate a *1153 later filed federal case. The reverse should not be so."
We recognize that there is nothing this Court, or any other state court, can do to affect federal practice and procedure. However, this Court has held that under the common law, before the Alabama Legislature enacted an abatement statute, a prior-filed federal action abated a state action based on the same cause of action. Orman v. Lane, 130 Ala. 305, 30 So. 441 (1901).
Ala.Code 1975, § 6-5-440, provides in pertinent part:
"No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party.... [T]he pendency of the former is a good defense to the latter if commenced at different times."
This abatement statute, the predecessor of which appeared in the Code of 1907, is a codification of the common-law rule. Ex parte Barclay-Hays Lumber Co., 211 Ala. 500, 101 So. 179 (1924). This Court has held that § 6-5-440 applies, even if the first action was filed in a federal court in Alabama. Ex parte Lacoste, 733 So.2d 889 (Ala.1998); Ex parte Myer, 595 So.2d 890 (Ala.1992); Terrell v. City of Bessemer, 406 So.2d 337, 339 (Ala.1981); Fegaro v. South Cent. Bell, 287 Ala. 407, 409-10, 252 So.2d 66, 68 (1971).
The mere fact that a federal class-action procedure for dealing with actions with competing class allegations may differ from the developing Alabama class-action procedure is no reason not to apply FNB of Jasper III and the rationale of the common law and § 6-5-440, when a case is filed in a State court after a similar case has been filed in a federal court in this State. We hold that when a first-filed action containing class allegations is filed in a federal court in this State, a State trial court with a later-filed action, involving the same parties and containing the same or substantially similar class allegations, should refuse to exercise jurisdiction over the action once it is apprised of the fact that the federal court has assumed jurisdiction of the earlier action.
In FNB of Jasper III, this Court attempted to end confusion in class-action practice by reaffirming a judicial rule that "a first-filed [action] containing class allegations cannot be preempted by certification in a later-filed class action." 717 So.2d at 351.[1] In First Tennessee Bank, supra, this Court made an exception in applying this rule in actions that asserted class allegations and that were filed before December 16, 1997, the date the decision in FNB of Jasper III was announced.[2] However, in First Tennessee Bank, the Court reaffirmed that "[t]he rule announced in Ex parte Liberty National, supra, and reaffirmed in [FNB of Jasper III] will, of course, apply to all cases filed after [FNB of Jasper III] was announced [December 16, 1997]." 718 So.2d at 25.
AmSouth's argument that the Mobile Circuit Court lacks subject-matter jurisdiction of the Kalifeh action because the Shelley action was filed before the Kalifeh action was filed is based upon the following statement from FNB of Jasper III:

*1154 "The logical import of this rule and the practical effect of its application are that a court lacks subject-matter jurisdiction over an action containing class allegations, as long as there is pending in another court a prior-filed action involving substantially identical class allegations."
717 So.2d at 350 (emphasis omitted). This Court held in First Tennessee Bank that this interpretation of FNB of Jasper III is incorrect, and it stated:
"[T]he court with the second class action should refuse to exercise jurisdiction in that second case, once it is brought to the court's attention that a prior action is pending elsewhere.... Second, the language quoted above from [FNB of Jasper III] means only that the court in which the second class action is filed should refuse to exercise jurisdiction over the case once it is apprised of the fact that another court has assumed jurisdiction of substantially the same case (involving the same parties, the same issues, etc.)."
718 So.2d at 23.
As of the date of the release of this opinion, there has been no certification of a class in the Shelley action. Therefore, the only injury AmSouth has incurred in regard to the State action (a showing of injury is required for the issuance of a writ of mandamus, see Ex parte Myer, supra), is a requirement that AmSouth produce documents, prepare for depositions, and prepare for a class-certification hearing, while already doing these same things in regard to the action in the federal district court. This injury should be addressed not by abating Kalifeh's State action, but by putting it on administrative hold until the United States District Court certifies, or refuses to certify, the class in the Shelley action, as to the breach-of-contract and fraud claims. If a class is certified in the Shelley action and that class includes Kalifeh and his claims, then Kalifeh's State action must be abated. If, however, after that ruling Kalifeh is not a member of a certified class, then his case can be taken off administrative hold and can proceed as a class action or as an individual action, as the circuit court may determine.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, SEE, and BROWN, JJ., concur.
KENNEDY, COOK, and JOHNSTONE, JJ., dissent.
LYONS, J., recuses himself.
COOK, Justice (dissenting).
I respectfully dissent. This case involves an action containing class allegations that was commenced in a state court after an action containing similar class allegations, namely, Shelley v. AmSouth Bank (Case No. CV-97-1170), had been commenced, but not yet certified, in the United States District Court for the Southern District of Alabama.
The majority, relying on the abatement statute, Ala.Code 1975, § 6-5-440, orders the state action stayed until the federal court determines whether to certify the Shelley case as a class action. More specifically, it states:
"As of the date of the release of this opinion, there has been no certification of a class in the Shelley action [the prior-filed federal action]. Therefore, the only injury AmSouth has incurred in regard to the State action (a showing of injury is required for the issuance of a writ of mandamus ... ), is a requirement that AmSouth produce documents, prepare for depositions, and prepare for a class-certification hearing, while already doing these same things in regard to the action in the federal district court. This injury should be addressed not by abating Kalifeh's State action, but by putting it on administrative hold until the United States District Court certifies, or refuses to certify, the class in the Shelley action, as to the breach-of-contract and fraud claims. If a class is certified in the Shelley action and that *1155 class includes Kalifeh and his claims, then Kalifeh's State action must be abated. If, however, after that ruling Kalifeh is not a member of a certified class, then his case can be taken off administrative hold and can proceed as a class action or as an individual action, as the circuit court may determine."
735 So.2d at 1154 (emphasis added).
Since this Court decided Ex parte State Mutual Insurance Co., 715 So.2d 207 (Ala. 1997); and Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997) ("FNB of Jasper III"), I have consistently adhered to the rule expressed in the principal opinions in those cases: that § 6-5-440 has no application in class actions. See Ex parte Lacoste, 733 So.2d 889 (Ala. 1998) (Cook, J., concurring in the judgment, but dissenting from the rationale).
State Mutual and FNB of Jasper III purported to bring order to the "chaos" produced by Ex parte First National Bank of Jasper, 675 So.2d 348 (Ala.1995) ("FNB of Jasper I"); and First National Bank of Jasper v. Crawford, 689 So.2d 43 (Ala.1997) ("FNB of Jasper II"), in which we did apply § 6-5-440 to class actions. Under FNB of Jasper III, certification is irrelevant. The majority shifts the focus back to the date of certification by applying § 6-5-440 in this case. This result will, by using certification as the abatement-triggering event, return us directly to the rule set forth in FNB of Jasper II that had produced the chaos, namely, the "races to the courthouse" and the "claim jumping" that the principal opinions in State Mutual and FNB of Jasper III would rectify. In other words, by ignoring the principal opinions in State Mutual and FNB of Jasper III, this Court has now come full circleback to FNB of Jasper II.
This case is materially indistinguishable from First Tennessee Bank, N.A. v. Snell, 718 So.2d 20 (Ala.1998), which also involved a first-filed federal action containing class allegations. In that case, the Court refused to abate the later-filed state action. In my special writing, I explained that the "first-to-file" rule set forth in FNB of Jasper III did not apply when the first-filed action was one commenced in a federal court. More specifically, I said: "[T]he courts of the United States are courts of another sovereign, over which the courts of Alabama have no supervisory control or jurisdiction." 718 So.2d at 26. I then explained: "United States district courts, pursuant to the All Writs Act, 28 U.S.C. § 1651, readily exercise the power to enjoin competing class actions, whether those competing actions are pending in state courts or in other federal courts.... They exercise this power regardless of the priority of filing." 718 So.2d at 26 (Cook, J., concurring in the result) (emphasis in original). Finally, in Lacoste, which also involved a federal class action and a competing state action, I said: "[I]t is unnecessary for this Court to abate actions in favor of federal courts entertaining class actions. In this case, the fight should be waged in the Battle court.... See Battle v. Liberty National Life Insurance Co., 877 F.2d 877 (11th Cir.1989)." Lacoste, 733 So.2d at 896 (Cook, J., concurring in the judgment but dissenting from the rationale) (emphasis added). These same principles apply in this case. "The courts of Alabama should not presume to act on behalf of federal courts entertaining class actions...." Lacoste, 733 So.2d at 896 (emphasis omitted).[3]
In short, the problem presented by this petition should be resolved in a manner consistent with State Mutual, FNB of Jasper III, and my special writings in Snell and Lacoste. Therefore, I dissent.
JOHNSTONE, J., concurs.
NOTES
[1] In First Tennessee Bank, supra, 718 So.2d at 21, this Court wrote: "In [FNB of Jasper III], we reaffirmed the general rule that has been followed for many years and that was expressly applied in the class action context of Ex parte Liberty Nat'l Life Ins. Co., 631 So.2d 865, 867 (Ala.1993):

"`[W]here two courts have equal and concurrent jurisdiction, the court that first commences the exercise of its jurisdiction in a matter has the preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction.'"
[2] This petition now before us relates to two actions that were filed after December 16, 1997. The Shelley action was filed in the United States District Court on December 19, 1997. The Kalifeh action was filed in the Circuit Court of Mobile County on June 26, 1998.
[3] The majority confuses matters further by citing FNB of Jasper III in connection with § 6-5-440, as though FNB of Jasper III some-how applied § 6-5-440. Of course, it did not apply § 6-5-440.