PER CURIAM.
Green Tree Acceptance, Inc., seeks a writ of mandamus directing Judge Dale Segrest, of the Macon Circuit Court, to dismiss or, in the alternative, to stay the action filed by Eudora Mills and Robert Lee Mills, Jr., pending resolution of prior pending class actions (not yet certified) involving similar claims. We deny the petition.
On March 25, 1997, the Millses sued Green Tree; the action related to their purchase of a mobile home on an installment sales contract. Count I of their complaint alleges that the contract required them to purchase insurance coverage that had no value and which could not have been required, given the terms of § 5-19-20(a), Ala. Code 1975, part of the “Mini-Code.” Count II alleges that the cautionary language contained in the contract did not comply with § 5-19-6 and, therefore, that the underlying debt should be adjudged unenforceable. Count III asserts that the defendant entered into a scheme to defraud the Millses “by requiring more insurance coverage than [was] allowed by law.” Count IV alleges that Green Tree suppressed material information by not telling the Millses that only physical-damage insurance was required on the mobile home. The Millses further alleged that Green Tree engaged in fraudulent conduct that was intentional, gross, wanton, malicious, or oppressive, and they sought a declaration that the installment contract was void and unenforceable.
The case was ready for trial[1] when Green Tree moved to dismiss or, alternatively, to stay, alleging lack of jurisdiction because of pending prior class actions[2] (not yet certified) making similar claims against Green Tree. As a result of the motion, the case was not tried as scheduled. The trial court denied Green Tree’s motion on July 20, 1998, in this order, dictated in open court:

“ORDER

“This matter came on for hearing on the defendant’s motion to abate the present lawsuit pending judicial determinations to be made in other lawsuits *1099 which purport to be class actions pending against this defendant in other courts. The defendant tenders the case of Ex parte State Mutual Insurance Co., [715 So.2d 207 (Ala.1997)], which was decided by the Supreme Court of Alabama in December, 1997. While that case is interesting and contains an excellent discussion of the problem posed by the present case, it falls short of providing satisfactory procedural answers. The case is not convincing because it was decided, as far as the issue involved in the present case, with a mere plurality. The opinion of the four justices who would agree with the defendant in this case, as well as the opinions of all the other justices on the particular issue involved in this case, is mere dictum. While there was sufficient agreement among the justices by virtue of concurrence so that the case before them was decided, there was not sufficient agreement to establish law.
“In effect, in the present case, if the Court were to grant the motion in abatement, the plaintiffs will be required to stand in line behind other litigation pending in other courts over which the [plaintiffs have] no control whatsoever before having their day in court. At this point in time, the lawsuits pending elsewhere which form the basis of the defendant’s motion to abate have not been certified as class actions. They are, therefore, legally not ‘prior pending lawsuits’ as to these plaintiffs. Therefore, even though our courts have dealt with the very difficult question of whether the filing or the class certification should be the basis of preemption of other lawsuits, the Court has not squarely considered the denial of due process to these plaintiffs based on the mere contingency that someone, somewhere else, might someday have a class action. To deny these plaintiffs the right to move forward in this lawsuit would violate the Constitution of the State of Alabama, in the opinion of the undersigned judge, because the courts are always open to the resolution of controversy. The motion in abatement is therefore due to be denied.
“In denying this motion the undersigned judge is not oblivious to the policy problems that infest this area of the law. The first-to-file rule with which four justices agreed has very bad policy implications. First and foremost, it promotes a race to the courthouse among the members of the plaintiffs bar of the State of Alabama, at a time when the reputation for integrity in that regard is at a fairly low ebb. Secondly, among a limited number of unscrupulous target defendants, there is the temptation to promote the ‘friendly’ class action lawsuit in a friendly jurisdiction or venue, thereby utterly depriving deserving plaintiffs of the relief to which the plaintiffs are entitled. Neither the race to the courthouse on the part of the plaintiffs bar nor the friendly lawsuit on the part of the defense bar is an inviting prospect.
“The only meaningful solution to this problem lies beyond the creative jurisdiction of this Court. While this Court can see the problems, this Court is powerless to fashion a remedy. Under normal circumstances, the power of the undersigned judge is bounded by the boundaries of the counties within this circuit. This Court has no jurisdiction over cases pending elsewhere in the State of Alabama, nor do the trial courts in other areas have original jurisdiction within this circuit, unless by special assignment.
“What is needed is a commission or magistrate affiliated with the highest court of this State from whom any person seeking to file a class action must seek permission. It should be the province of that commission or magistrate to sort out the ethical, procedural, and jurisdictional problems associated with the proposed class action. Certification should happen at that level. The matter of assignment of a case for trial *1100 should be based upon justice, equity and forum non conveniens type principles. In short, the judiciary should take a pro-active role in the management of class actions. Among the considerations that should be considered in allowing any class action to proceed should be the hardship and lack of control which is thereby thrust unwillingly upon many would-be plaintiffs. The right of the plaintiff to proceed with a singular lawsuit in the traditional pattern should not be lightly put aside. The magistrate or commission should so publicize any proposed class action that any and all interested persons would have the opportunity to be heard and to protest the granting of the writ. Pleas in abatement should be dealt with at that level.
“Of late, the Supreme Court toyed with the idea of appropriating to the State a portion of punitive damages. The ancient kings of England supported the revenue by the sale of writs. Perhaps anyone seeking to file a class action should pay an appropriate remittance to the State of Alabama for the issuance of a writ for a class action.
“The foregoing order was dictated in open court at the conclusion of the oral presentation by the attorneys. Thereupon, counsel for the defendant indicated that he would definitely seek mandamus to overturn this Court’s decision and requested that the case be continued pending the outcome of the mandamus proceeding. The defendant’s request for a continuance pending the outcome of mandamus is granted.
“The Clerk of the Court is to mail a copy of this Order to counsel of record.
“SIGNED this 30th day of July, 1998.
7s/ Dale Segrest, Circuit Judge ”
The judge reasoned that until a class has been certified there is no “prior pending” lawsuit involving these plaintiffs. The judge refused to dismiss or to abate the action, stating that there was no prior pending lawsuit that would prevent these plaintiffs from maintaining this action. The trial court stated that Ex parte State Mutual Insurance Co., 715 So.2d 207 (Ala.1997), was decided with a mere plurality and was not binding precedent and, therefore, he refused to apply the “first-to-file” rule. The trial court held that to deny the Millses the right to move forward in this lawsuit would violate their constitutional right to have their claims resolved in court.
Green Tree urges this Court to hold that the trial court abused its discretion in refusing to dismiss or to abate the plaintiffs’ lawsuit (not a class action), in which they make claims similar to those found in prior pending class-action litigation. Green Tree argues that unless it is protected from additional lawsuits after the first class action is filed (not after it is certified), all putative class members would be able to file individual lawsuits. Green Tree espouses the rationale of Justice See’s concurring opinion in Ex parte State Mutual Insurance Co., supra, which would apply the first-to-file abatement rule of § 6-5 — 440 to all situations. 718 So.2d at 224. Under this reasoning, a plaintiff who falls within the class definition of the prior-filed class action would be considered a member of that putative class as of the date that the prior class action was filed, not as of the date the class is actually certified.
The main opinion in State Mutual concluded that the abatement statute, Ala. Code 1975, § 6-5-440, does not apply to class actions. 715 So.2d at 218. Additionally, it explained that a State court entertaining a class action has the “inherent, plenary power to enjoin the prosecution of competing individual actions.” Id. at 219 (emphasis added). In doing so, it set forth a number of factors to be considered by the class-action court in entertaining a motion to stay or to abate a competing individual action. Specifically, it explained:
“Although the proper exercise of this power does not turn on whether the *1101 class-action complaint was the first complaint filed, or on whether a class was certified before a complaint commencing a competing individual action was filed, the order of fifing may be a factor to be weighed by a trial court in which a class action is pending, when it considers a motion by a class-action party to enjoin competing actions in other courts. However, it is not dispositive. Indeed, ‘there are myriad ... factors,’ no one, or combination, of which is ‘controlling.’ Newberg on Class Actions § 17.52 (3d ed.1992) (proposing factors to be weighed, one of which is ‘[t]he advanced litigation stage of the independent proceedings through discovery or trial schedule’). White [v. National Football League, 822 F.Supp. 1389 (D.Minn.1993), aff'd, 41 F.3d 402 (8th Cir.1994), cert. denied sub nom. Jones v. National Football League, 515 U.S. 1137, 115 S.Ct. 2569, 132 L.Ed.2d 821 (1995)], for example, in fisting a number of such factors, stated:
“ ‘[T]he court enjoins the various other pending actions, relying on the following factors:
“ ‘(1) the long history of related litigation in this court;
“‘(2) to properly effectuate the terms of the proposed settlement, which the court finds to be fair, reasonable and adequate to class members, and to which class members received adequate notice and opportunity to object;
“ ‘(3) to conserve judicial resources;
“ ‘(4) to properly protect the court’s jurisdiction over the White class action, and to enforce and effectuate its judgment;
“ ‘(5) to eliminate the risk of inconsistent or varying adjudications which may subject defendants to incompatible standards of conduct;
“ ‘(6) to prevent the prosecution of other actions that would frustrate the court’s efforts to craft a class action settlement in the present case;
“ ‘(7) to eliminate the risk of inconsistent or varying judgment[s] that may affect the rights of class members and impair their ability to protect their interests; and
“ ‘(8) in fight of the court’s determination that the White class was properly certified, to utilize the class action mechanism, which is ideally suited for resolving the claims at issue, to settle this massive litigation.’ ”
715 So.2d at 218-19 (emphasis omitted) (emphasis added).
As the main opinion in State Mutual makes clear, these are factors to be applied by the court entertaining the class action. It follows that, because the class-action court has the inherent power to stay or to abate a competing individual action, the court entertaining the individual action does not have the primary responsibility to abate the action. Indeed, it often happens, as apparently it did in this case, that neither the plaintiff in the individual action nor the trial court entertaining that action has any independent knowledge of pending, competing class actions. Of course, the defendant knows. Requiring the defendant to seek relief from the class-action court thus properly removes any incentive the class-action defendant might have to engage in “wait-and-see” tactics and minimizes prejudice to the trial court and the individuals involved in the individual action. Green Tree, therefore, should have sought relief not in the individual action filed in Macon County, but in one of the class-action courts.
Furthermore, while Green Tree argues that the first-to-file rule should apply to abate this case, the record reflects that Green Tree did not in its answer raise the “first-filed action” as a defense. As Justice See stated in his concurrence in the result in First Tennessee Bank, N.A. v. Snell, 718 So.2d 20, 27 (Ala.1998), it is *1102 proper for one seeking abatement to raise the first-to-file defense in a motion to dismiss. He notes that “§ 6-5^440 provides that when two actions are commenced at different times, the pendency of the first-filed action ‘is a good defense’ to the second-filed action,” but that the defendant “must raise the first-filed action as a defense in a motion to dismiss.” 718 So.2d at 27. (Citations omitted.)
This case was on the docket and ready for trial when Green Tree made the motion to abate or to stay. The trial judge, hearing a motion to dismiss or to stay a case in the advanced stages of litigation has the authority to decide that the case should go to trial. Ex parte State Mut. Ins. Co., supra, at 221; First Tennessee Bank, N.A., supra, at 25. The order of filing of lawsuits is just one of the factors to be weighed by the trial court. And, as Justice Butts stated in Ex parte State Mutual Insurance Co., “where the prior-filed individual action has moved beyond the initial stages of litigation and has been vigorously prosecuted by the plaintiff, the individual action should rarely be abated.” 715 So.2d at 221 (Butts, J. concurring specially).
For the reasons stated above, we cannot say the trial judge abused his discretion in refusing to dismiss or to abate the plaintiffs’ lawsuit. Because the Macon Circuit Court did not have the responsibility to stay the individual action, it did not err in refusing to do so. The petition for the writ of mandamus is denied.
PETITION DENIED.
COOK, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., and MADDOX, SEE, LYONS, and BROWN, JJ., concur in the result.

. The case was set for trial during the Fall 1998 term of Court, scheduled to begin August 17, 1998, by order dated April 24, 1998.

. Jerry Lynn Plowman et al. v. Green Tree Financial Corp. (CV-95-050, Greene County Circuit Court), filed on June 8, 1995; Angela Lipman et al. v. Green Tree Financial Corp. (CV-96-001, Coosa County Circuit Court), filed January 2, 1996; Larketta Randolph v. Green Tree Financial Corp. (CV-96-D-11-N, United States District Court for the Middle District of Alabama), filed January 3, 1996.