SHAW, Justice
(concurring specially).
I concur in the main opinion. I write specially to note the following.
It is undisputed that this Court has the authority, based on the Alabama Constitution and statute, to issue any writs necessary for the general superintendence and control of lower courts. Ala. Const.1901, Art. VI, § 140; Ala.Code 1975, § 12-2-7(3). This Court exercises authority by mandamus to review interlocutory decisions that, if properly set aside, would terminate an action so as to avoid the waste and expense of further litigation. Such interlocutory decisions include decisions on issues of, among other things, personal jurisdiction, Ex parte Duck Boo Int’l Co., 985 So.2d 900 (Ala.2007); immunity, Ex parte Butts, 775 So.2d 173 (Ala.2000); enforcement of outbound forum-selection clauses, Ex parte Bad Toys Holdings, Inc., 958 So.2d 852 (Ala.2006); and abatement, Ex parte J.E. Estes Wood Co., 42 So.3d 104 (Ala.2010). Most notably, this Court will review by mandamus interlocutory decisions involving the substitution of a defendant for a fictitiously named party where the defendant argues that the plaintiff’s claim was barred by the applicable statute of limitations. Ex parte General Motors of Canada Ltd., 144 So.3d 236 (Ala.2013); Ex parte Chemical Lime of Alabama, Inc., 916 So.2d 594 (Ala.2005). If this Court will review by mandamus a decision on whether the statute of limitations bars a claim against one party substituted for a fictitiously named defendant, then I see no logical reason why this Court cannot review a decision on whether the entire action is barred.
As explained in the main opinion, applying clear law to the undisputed facts as stated in the complaint in the instant case, one must conclude that the underlying action is barred by the statute of limitations. It is no adequate remedy to require a defendant to try a case and then subsequently, on appeal, to seek the exact relief that was available earlier in the process. I note that this Court has inherent authority to award just damages and costs to respondents in any case in which this Court determines that a petition for the writ of mandamus is frivolous. Cf. Rule 38, Ala. R.App. P.